Reese J.
delivered the opinion of the court.
The objection urged against the indictment is, that in each count, the forgery is charged to have been of a writing obligatory, or writing bearing the form of a bond, in the name of James G. Fogg, when the bond set out in the bill of indictment is in the name of Joseph G. Fogg ánd James G. Fogg, which is alleged to be repugnant. The Attorney General insists, that as the forgery consists in making the bond in the name of James G. Fogg and not in the name of Joseph G. Fogg, with respect to whose name, there was no forgery; that the charge is according to the fact, and correct, and that to have charged the forgery to have been in the names of both, ,would have been, not only false, but fatal. He insists also,' that there is no repugnance between the charge and the instrument set out, but they are consistent with each other, and with the criminal fact alleged. The cases referred to, by the counsel of the prisoner in 2 Russell on Crimes 364 and 5, being Readings case, and Gilchrist’s case, do not maintain their *394 Pos^on’ They turn upon the meaning and effect of the aver-’ merit in an indictment of the purport of an instrument.’ I» the first case, the court says, “that it is clear that where an instrument is to be set forth, the description, that it purports a particular fact, necessarily means that what is stated, as the purport of the instrument appears on the face of the instrument itself.” In the other case, Justice Buller says, “old cases have given rise to much learning and argument, on the words-“purport and tenor;” - and the Books' are full of distinctions as to the meaning of these • words, and the necessity of using the one or the other of them in indictments where written instruments are td be'stated' But in the many cases upon ⅛⅛ subject, I can find no judicial determination that the purport and the tenor,, should both be stated, in any case whatever. Purport, means, the suhstance’of an instrument as it appears* on the face of it to every eye that reads it, and tenor means an exact copy of it; and therefore, where the instrument is stated accordingto its tenor, the purport of it must necessarily appear.
It were, needless to state the facts of these cases, to show the want of application. In this case, the indictment having' averred in what the forgery consisted, to wit; in the name of James G. Fogg, proceeds to give the instrument by its tenor. It does not set out the instrument by its purport. _ The case of The State vs. Shawley 5 Hay. 256, was a case of repugnance. The indictment was for forging a Writing, describing the same, by saying purporting to be signed by the president and directors &c.; on setting'out the instrument by its-tenor, verbatim, it appeared not to he so signed. This was held to be repugnant and fatal. We feel no doubt in the case before us. Let the judgment be affirmed.
Judgment affirmed.